UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DAPHNEY JOHNSON** | **CASE NO. 6:18-CV-01655** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **WAL-MART ASSOCIATES INC** | **MAGISTRATE JUDGE WHITEHURST** |

## REASONS FOR DECISION

Presently before the court is the Defendant's Rule 12(b)(6) Motion to Dismiss [doc. 9]. No response to the motion has been filed. Defendant, Wal-Mart Associates, Inc. ("Walmart") seeks to dismiss the Plaintiff's Petition for Wrongful Termination and Intentional Infliction of Emotional Distress ("Petition") for failure to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff, who was previously employed by Walmart as a manager, alleges that she was wrongfully terminated by "being accused of understocking." Plaintiff alleges that "in terminating her, the defendants have violated Louisiana law and engaged in unlawful employment practices." However, the Petition does not identify any specific type of discrimination or any other unlawful conduct. Instead, the Petition simply concludes, without alleging any other facts, that Plaintiff's termination was wrongful and that Walmart committed the tort of intentional infliction of emotional distress by terminating Plaintiff.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 8(a) provides the standard by which the adequacy of a pleading is tested by the federal courts. Specifically, a plaintiff must allege in the complaint the

elements of a right to recover against a defendant. Fed. R. Civ. P. 8(a)(2). *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994).

In assessing the merits of a Rule 12(b)(6) motion, the Court must assume that all of the well-pleaded factual allegations set forth in the complaint are true. *U.S. v. Gaubert*, 499 U.S. 315, 327 (1991). In determining whether a plaintiff's complaint states a cause of action, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). While a Complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, the United States Supreme Court has held that a plaintiff has an obligation to provide the grounds of his entitlement to relief and that those grounds require "more than labels and conclusions, and a formulaic recitation of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As to Plaintiff's claim for wrongful termination, it is established Louisiana law that an employer can terminate an at-will employee for any reason.[1] An employee is presumed to be at-will unless there is an employment agreement.[2] Plaintiff does not make any allegation that there was an employment agreement and accordingly must be considered an at-will employee who could be terminated for any reason as long as the termination did not violate a statutory or constitutional provision. In the Petition, Plaintiff makes no allegation that Walmart violated any statutory or constitutional provision but simply states that the termination was wrongful. This is a conclusory allegation which does not support a cause of action against Walmart for wrongful termination.

---

[1] See La. Civil Code art. 2747; *Johnson v. Delchamps, Inc.,* 897 F.2d 808, 810 (5th Cir. 1990) (Under Louisiana's employment at-will doctrine, both employers and employees are free to end the employment relationship at any time, and for any reason, without liability, provided that the termination violates no statutory or constitutional provision.)

[2] *Quebedeaux v. Dow Chemical Co.,* 820 So.2d 542, 545 (La. 6/21/02).

Plaintiff's claim for intentional infliction of emotional distress likewise fails to state any factual basis to support the claim. Under Louisiana law, to recover damages for intentional infliction of emotional distress in Louisiana, a plaintiff must establish that: (1) the conduct of the defendant was extreme and outrageous; (2) the emotional distress suffered by the plaintiff was severe; and (3) the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain to result from his conduct. *White v. Monsanto Co.*, 585 So.2d 1205 (La. 1991). Extreme and outrageous conduct is defined as "conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* at 1209. The Louisiana Supreme Court in the *White* case found that a supervisor's conduct was not extreme or outrageous enough to give rise to recovery for intentional infliction of emotional distress even though he had launched a profane tirade directed at the plaintiff that caused her to check into a hospital. The court in *White* noted that conduct in the workplace, even if calculated to cause some degree of mental anguish, would rarely be so severe that it would rise to the level of outrageous conduct. As one court has noted, "ordinary employment disputes, even those involving discrimination and sexual harassment, will rise to the level of intentional infliction of emotional distress only in the most unusual of cases." *Booth v. Intertrans Corp.*, 1995 WL 324631 (E.D. La. 1995).

Plaintiff has not alleged any facts whatsoever to support a claim for intentional infliction of emotional distress, much less any facts which would rise to the level of extreme and outrageous conduct. Accordingly, the Plaintiff cannot establish a claim for intentional infliction of emotion distress.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. As such, the Motion to Dismiss filed by Walmart is GRANTED and the Petition filed by Plaintiff is DISMISSED. A separate judgment in conformity with the foregoing reasons will be entered into the record.

THUS DONE in Chambers on this 8th day of March, 2019.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE